# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MEELAD DEZFOOLI,<br><br>            Petitioner,<br><br>v.<br><br>UNITED STATES MARSHAL, et al.,<br><br>            Respondents. | Case No. 2:24-cv-01614-GMN-MDC<br><br>**DISMISSAL ORDER** |

Petitioner Meelad Dezfooli, a detainee in federal custody who is awaiting sentencing, submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2-1.) Dezfooli has not properly commenced this action by either paying the filing fee or filing an Application to Proceed *In Forma Pauperis* ("IFP"). Further, following review of the Petition, this Court finds that Dezfooli's claims cannot be addressed under 28 U.S.C. § 2241. For these reasons, this Court dismisses the Petition without prejudice.

## I.   BACKGROUND

In June 2022, Dezfooli was charged in federal court with bank fraud and money laundering in connection with loans obtained under the Covid-era Paycheck Protection Program in case number 2:22-cr-00142-CDS-DJA.[1] On November 16, 2023, in his criminal case, the Court granted the Government's Motion to Revoke Pretrial Release and Detain Defendant Pending Trial. Later, on May 6, 2024, the Court denied Dezfooli's Motion for Release from Detention. Dezfooli's trial

---

[1] This Court takes judicial notice of the docket in case number 2:22-cr-00142-CDS-DJA and the jury trial conviction.

commenced on August 27, 2024, and concluded on September 5, 2024. Dezfooli's sentencing hearing is currently set for December 5, 2024.

In his Petition, Dezfooli asks this Court to "outright release [him] from [his] abusers and custody" to allow him "to prepare [for] the rest of [his] trial." (ECF No. 2-1 at 8.) Alternatively, Dezfooli asks this Court to "swap [his] custodian to an alternative who is more than willing to take over until the Court so desires." (*Id.*) In his grounds for relief, Dezfooli argues (1) the Marshals have inflicted cruel and unusual punishment due to the shackles he has been forced to wear and due to their verbal threats, (2) he has had "no access to [the] law library, private attorney client sessions, [his] full discovery nor the discovery in the courtroom," (3) he has had "no legal mail provided in 4 days and [has been] unable to send legal mail at night due to facility rules," meaning he was unable to prepare for and participate in his trial, (4) the Marshals "opened both [of his] legal binders [without his] presence in violation of [his] legal trial attorney client privilege," removed some writing utensils and documents, and destroyed his writing pads, and (5) Marshals would not let him use the restroom and refused to provide him with soap. (*Id*. at 7–8.)

## II.   DISCUSSION

First, regarding the Marshals' alleged treatment of Dezfooli and alleged obstruction of Dezfooli's access to the Courts, Dezfooli fails to state cognizable habeas claims. Federal law provides two main avenues for relief on complaints related to incarceration: (1) a petition for habeas corpus under 28 U.S.C. §§ 2241, 2254, 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. A prisoner's claim is cognizable under federal habeas statutes only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016). If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id*. at 931. If a

prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must use a § 1983 or *Bivens* theory. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  "[A]n action sounds in habeas 'no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Pinson v Carvajal*, 69 F.4th 1059, 1071 (9th Cir 2023).  Said another way, "a successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas." *Id*. at 1072–73.

Dezfooli's claims regarding the Marshals' treatment of him and obstruction of his access to the Courts do not raise any issues warranting his release from custody.  Rather, if Dezfooli were to succeed on these claims, it would mean only that his conditions of confinement would change.  Accordingly, because these claims do not fall within the "core" of habeas, they must be brought, if at all, under § 1983 or *Bivens*. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) (explaining that the "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment"); *Nasby v. Nevada*, 79 F.4th 1052, 1056–57 (9th 2023) (explaining the requirements of an access-to-courts claim under the First and Fourteenth Amendments).

This Court has discretion to recharacterize a habeas petition as a civil rights action "if it 'is amenable to conversion on its face.'" *See Pinson*, 69 F.4th at 1075.  This Court declines to exercise that discretion here because Dezfooli does not name the correct defendants or seek the correct relief for a civil rights action. *Id*. at 1076 (finding that a petition is not amenable to conversion on its face because the petitioner "does not seek money damages as allowed by *Bivens* or equitable relief under either the PLRA or federal courts' general authority to issue equitable relief for

violation of federal law"). Indeed, Dezfooli lists the United States Marshals generally as the Respondent rather than the specific individuals who played a role in the alleged wrongful treatment of him. Further, rather than seeking money damages or equitable relief, Dezfooli seeks his immediate release from custody. Nonetheless, this Court kindly instructs the Court of the Court to send Dezfooli the approved form and instructions for filing a 42 U.S.C. § 1983 Complaint, so he may decide whether to pursue a civil rights action by opening a new case, submitting an IFP Application, and filing a Civil Rights Complaint.

Second, regarding Dezfooli's claim regarding his lack of access to his discovery materials, this Court lacks jurisdiction to direct an equivalent federal district court judge to take any action in an ongoing, separate, criminal case assigned to that judge. Dezfooli's claims about discovery issues are issues for the judges assigned to his criminal matter, 2:22-cv-142-CDS-DJA. Further, to the extent that the deadline for presenting discovery issues has expired given the procedural posture of Dezfooli's criminal case, Dezfooli is informed that he may seek to appeal his conviction by filing a direct appeal with the Ninth Circuit Court of Appeals or later file a timely postconviction appeal in the sentencing court under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) (stating that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence"). Dezfooli is advised that statutory limitations of time or deadlines to appeal do apply which may prohibit his ability to avail himself of these alternate options.

In sum, Dezfooli's claims cannot be addressed in a § 2241 petition, so this case must be dismissed without prejudice. This Order does not preclude Dezfooli from seeking relief under 28

U.S.C. § 2241 in this Court in the future if he desires to challenge the manner, location, or conditions of carrying out his future sentence or putting his future sentence into effect.

### III. CONCLUSION

It is therefore Ordered that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2-1) is dismissed without prejudice.

It is further Ordered that a Certificate of Appealability is denied as jurists of reason would not find the dismissal of this action on these grounds to be debatable or wrong.

It is further Ordered that the Clerk of Court (1) send Dezfooli the approved form and instructions for filing a 42 U.S.C. § 1983 Complaint, (2) enter final Judgment dismissing this action without prejudice, and (3) close this case.

Dated: September 10, 2024

Gloria M. Navarro, Judge
United States District Court